UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kenneth Buholtz,** | ) <br> ) |
| **Plaintiff,** | ) <br> ) |
| v. | )    Case No. 16-cv-00943 (APM) <br> ) |
| **United States Marshals Service, et al.** | ) <br> ) |
| **Defendants.** | ) <br> ) |

## MEMORANDUM OPINION

### I.   INTRODUCTION

Plaintiff Kenneth Buholtz, proceeding pro se, brings this action under the Freedom of Information Act ("FOIA") against the United States Marshals Service ("USMS" or "Defendant"),[1] seeking medical, phone, and disciplinary records created during his incarceration at a USMS contract facility in Fannin County, Texas.  5 U.S.C. § 552.  Defendant now moves for summary judgment, asserting that the documents Plaintiff seeks are not in its possession.

Based on the parties' submissions and the record evidence, the court grants Defendant's Motion for Summary Judgment.

### II.   BACKGROUND

From June 2011 to March 2013, Plaintiff was a prisoner at the Fannin County Detention Center, which operates as a contract facility for USMS.  Compl., ECF No. 1 [hereinafter Compl.], ¶ 4.01; Mem. in Supp. of Def.'s Mot. for Summ. J., ECF No. 7, at 6–12 [hereinafter Def.'s Mem.], at 1, 6.  On June 19, 2014, Plaintiff sent a request to USMS seeking all records

---

[1] Plaintiff also named as a defendant Donnie Foster, former Sheriff of Fannin County, Texas.  Defendant Foster moved to dismiss, and Plaintiff appropriately conceded the motion.  *See* Buholtz Consent Resp. to Def. Foster's Mot. to Dismiss, ECF No. 9.  Accordingly, Defendant Foster's Motion to Dismiss is granted.

pertaining to him. Def.'s Stmt. of Undisputed Material Facts, ECF No. 7, at 2–5 [hereinafter Def.'s Stmt.], ¶ 1; Pet.'s Opp. to Summ. J., ECF No. 10 [hereinafter Pl.'s Opp.], at 1. The June 2014 FOIA Request is nowhere mentioned in Plaintiff's Complaint—and thus does not appear to be a subject of this action—but the court discusses it by way of background.[2]

USMS conducted a search for records, which yielded 51 pages of material. Def.'s Stmt. ¶¶ 2–4; Decl. of William Bordley, ECF No. 7-1 [hereinafter Bordley Decl.], ¶¶ 4, 6; Bordley Decl., Ex. A, ECF No. 7-2, at 1–2. On July 16, 2014, USMS released 50 pages of material to Plaintiff—33 pages in full and 17 pages with some information withheld pursuant to FOIA Exemptions 7(C) and 7(E), which protect from disclosure certain law enforcement records. Bordley Decl. ¶ 6; Bordley Decl., Ex. C, ECF No. 7-2 [hereinafter Bordley Decl., Ex. C], at 4–7; 5 U.S.C. § 552(b)(7). The remaining page originated with the Executive Office for U.S. Attorneys (EOUSA) and was referred to that agency for a response to Plaintiff's request. Bordley Decl. ¶ 6; Bordley Decl., Ex. C. When it turned over the records, USMS advised Plaintiff that he could appeal USMS' partial denial to the Department of Justice Office of Information Policy within 60 days. *Id.*

Plaintiff, however, filed his appeal on October 8, 2014, after the 60-day period expired. Bordley Decl. ¶ 7; Bordley Decl., Ex. D, ECF No. 7-2, at 8. Thereafter, the Office of Information Policy denied Plaintiff's appeal as untimely. Bordley Decl. ¶¶ 7–8; Bordley Decl., Ex. E. ECF No. 7-2 [hereinafter Bordley Decl., Ex. E], at 10. In its letter denying the appeal, the Office of Information Policy instructed Plaintiff, "you are free to make a new request to USMS for any records that you might wish to receive." Bordley Decl., Ex. E, at 10.

---

[2] Even if the Complaint could be construed to challenge the agency's response to the June 14, 2014 FOIA Request, Plaintiff has offered no argument in response to Defendant's Motion for Summary Judgment as to that request. In any event, the court is satisfied that Defendant has adequately justified its withholdings to that request.

Heeding that invitation, Plaintiff filed a series of follow-on FOIA requests starting in January 2015.  On January 12, 2015, he sought from USMS his inmate phone account records and disciplinary records from the period he was held at the Fannin County Detention Center.  Bordley Decl. ¶¶ 9–10; Bordley Decl., Ex. F, ECF No. 7-2 [hereinafter Bordley Decl., Ex. F], at 11.  USMS advised Plaintiff that "[t]he records you seek are under the jurisdiction of Fannin County" and "to direct your request to the appropriate agency in that facility."  Bordley Decl., Ex. G, ECF No. 7-2, at 12.

Apparently unsatisfied with that response, Plaintiff submitted additional requests for the same records in April and June 2015, which USMS treated as duplicate requests and took no action.  Bordley Decl. ¶¶ 11–12; Bordley Decl., Exs. H & I, ECF No. 7-2 at 13–14.  Plaintiff then filed a complaint in this court on May 19, 2016.  *See* Compl.

### III.   LEGAL STANDARD

Most FOIA cases are appropriately decided on motions for summary judgment.  *See Defenders of Wildlife v. U.S. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009).  A court may award summary judgment in a FOIA case by relying on the agency's affidavits or declarations if they are "relatively detailed and non-conclusory," *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (internal quotation marks omitted), and if they describe "the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith," *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  The court affords such declarations "substantial weight" if they meet these requirements.  *Judicial Watch v. U.S. Dep't of Def.*, 715 F.3d 937, 940–41 (D.C. Cir. 2013).

## IV.   DISCUSSION

Defendant seeks summary judgment on a simple ground—it does not possess the records that Plaintiff seeks.  Def.'s Mem. at 6.  It contends that, if the records are to be found anywhere, they would be in the possession of the state or local agency that operates the Fannin County Detention Center.  *Id.*  Plaintiff responds that Defendant's lack of physical possession of the records does not absolve it of the obligation to produce them.  Pl.'s Opp. at 3–5.  As he puts it, because the Fannin County Detention Center was a USMS contract facility, all it had to do was make a "phone call to attempt to [retrieve] these records."  *Id.* at 3–4.  Plaintiff is wrong for two reasons.

First, the requested records are not "agency records" for purposes of FOIA.  Under FOIA, federal courts are empowered to "order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).  The Supreme Court has held that for documents to qualify as "agency records" the agency must both (1) "create or obtain" the requested materials, and (2) "be in control of [them] at the time the FOIA request is made."  *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989) (quoting *Forsham v. Harris*, 445 U.S. 169, 182 (1980)).  The records requested by Plaintiff satisfy neither of these elements.  As William Bordley, Associate General Counsel and the Freedom of Information/Privacy Act Officer of USMS, has attested:  "The records plaintiff seeks, medical, disciplinary, and phone records, are not records maintained by the USMS.  The USMS contract facilities are responsible for maintaining the records.  These records are neither created nor obtained by the USMS, nor under USMS control at the time of the FOIA request."  Bordley Decl. ¶ 13.  Plaintiff has offered no evidence to the contrary.

4

The fact that the Fannin County Detention Center was a USMS contract facility does not convert its records into records created or controlled by USMS. USMS did not exercise the kind of "extensive supervision and control" over the records' creation for the court to conclude that the contract facility acted on behalf of USMS in creating the records. *See* Bordley Decl. ¶ 13 ("USMS contract jails are responsible for the day-to-day care of USMS prisoners, including housing and non-emergency medical care."); *cf. Burka v. U.S. Dep't of Health and Human Servs.*, 87 F.3d 508, 515 (1996) (holding that outside firms acted on behalf of a federal agency in creating data tapes when the agency exercised extensive supervision and control over data collection and analysis). Nor are any of the factors present that would establish the agency's control over the records. *See id.* at 515 (quoting *Tax Analysts v. Dep't of Justice*, 845 F.2d 1060, 1069 (D.C. Cir. 1988), *aff'd on other grounds*, 492 U.S. 136 (1989) (instructing courts to consider four factors in determining whether an agency exercises sufficient control over a document to make it an "agency record": "(1) the intent of the document's creator to retain or relinquish control over the records; (2) the ability of the agency to use and dispose of the record as it sees fit; (3) the extent to which agency personnel have read or relied upon the document; and (4) the degree to which the document was integrated into the agency's record system or files."). The court therefore concludes that the jail records sought by Plaintiff are not agency records for purposes of FOIA.[3]

Second, FOIA imposes no obligation upon USMS to, as Plaintiff suggests, pick up the phone and request the records. FOIA "imposes no obligation to compile or *procure* a record in

---

[3] Nor does 5 U.S.C. § 552(f)(2)(B) compel a different result. That provision provides that documents maintained for an agency by a government contractor, "for the purposes of records management," are subject to FOIA. *See id.* Section 552(f)(2)(B) "primarily addresses the availability of physical documents committed to the custody of a third-party for storage, and does not necessarily impose an affirmative obligation to search for and produce documents in the possession of third party contractors." *Ryan v. FBI*, 113 F. Supp. 3d 356, 363 (D.D.C. 2015). As USMS did not contract with the Fannin County Detention Center "for the purposes of records management," Section 552(f)(2)(B) does not apply.

response to a request." *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 151 (1980) (quoting Attorney General's Memorandum on the Public Information Section of the Administrative Procedure Act 23–24 (June 1967), Source Book I, pp. 222–23).  Because the USMS is not required to retrieve documents from a third party to comply with FOIA, the court rejects Plaintiff's argument that USMS must do so.

## V.    CONCLUSION

For the foregoing reasons, the court grants Defendant USMS' Motion for Summary Judgment, as well as Defendant Donnie Foster's Motion to Dismiss.

A separate final order accompanies this Memorandum Opinion.

Dated: January 16, 2017

Amit P. Mehta
United States District Judge